IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREL WATSON, SR., | No. C 13-04166 EJD (PR) |
| Petitioner, | ORDER OF DISMISSAL |
| v. | |
| R. GOWER, Warden, | |
| Respondent. | |
| | (Docket No. 3) |

On September 9, 2013, Petitioner, a state prisoner proceeding pro se, filed a motion for an extension of time for 60 days to file a federal habeas petition. (Docket No. 3.) Petitioner states that for several reasons, he was "unable to make necessary preparations to file [a federal habeas petition] on or by the set date of August 22, 2013." (Id. at 1.) This "set date" was not set by this Court, and Petitioner does not state how he was informed of such a date.

Nevertheless, it appears that Petitioner seeks to toll the statute of limitations in order to file a federal habeas petition challenging his state petition. Article III, Section 2 of the United States Constitution restricts adjudication in federal courts to "Cases" and "Controversies." See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). There is no concrete

1  dispute for this Court to decide: Petitioner's request in essence asks the court to
2  determine in advance whether his petition for writ of habeas corpus will be time-barred
3  if it is filed at a later time which may or may not be within the one-year period
4  prescribed by 28 U.S.C. § 2244(d). This Court could not grant the requested relief
5  without offending the Constitution's case or controversy requirement.

6  Finally, Petitioner may seek relief from the statute of limitations under 28 U.S.C.
7  § 2244(d) once he files a petition in federal court. Although Petitioner obtains no relief
8  today, he is not forever barred from requesting relief. See Calderon v. United States
9  Dist. Court (Beeler), 128 F.3d 1283, 1288-89 (9th Cir. 1997) (Section 2244(d) is subject
10 to equitable tolling, although such tolling will not be available in most cases because
11 extensions of time should only be granted if extraordinary circumstances beyond a
12 prisoner's control make it impossible to file a petition on time), cert. denied, 522 U.S.
13 1099, and cert. denied, 523 U.S. 1061 (1998), overruled in part on other grounds by
14 Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en
15 banc), cert. denied, 526 U.S. 1060 (1999). If and when Petitioner files a late habeas
16 petition, he may make his tolling argument. At that point, and not before then, the
17 Court will consider whether the statute of limitations should be tolled. The motion for
18 an extension of time is DENIED. (Docket No. 3.)

## CONCLUSION

21 There is no case or controversy over which the Court may exercise jurisdiction.
22 Accordingly, the above-entitled action is hereby DISMISSED without prejudice to
23 Petitioner's filing a new case with a petition for a writ of habeas corpus or a complaint
24 for other relief.

25 This order terminates Docket No. 3.
26 The Clerk shall close the file.
27 DATED: 10/18/2013

EDWARD J. DAVILA
United States District Judge

Order of Dismissal
G:\PRO-SE\EJD\HC.13\04166Watson_dism.wpd            2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DARREL WATSON, SR.,

        Petitioner,

v.

R. GOWER, Warden,

        Respondent.

Case Number: CV13-04166 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 10/18/2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Darrel Watson CDCR # G-41267
High Desert State Prison
PO Box 3030 / B5-212Up
Susanville, CA 96127-3030

Dated: 10/18/2013

        Richard W. Wieking, Clerk
        /s/ By: Elizabeth Garcia, Deputy Clerk